UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHANCELLOR HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-316 |
| | ) |
| GEORGIA PORTS AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff moves for leave to amend his Complaint. Doc. 22. Defendant filed a response in opposition, doc. 27, and Plaintiff replied, doc. 31. This matter is ripe for disposition.

Plaintiff claims he was wrongfully terminated and retaliated against in violation of the Rehabilitation Act of 1973 and the Americans with Disabilities Act Amendments Act of 2008. *See* doc. 1 at 8-11. He seeks to amend his Complaint to "clarify certain facts alleged in the Complaint relating to the historical sequence of Plaintiff's diagnosis of Post Traumatic Stress Disorder (PTSD) and Defendant's medical inquiries and related legal and factual legal information that became apparent after the initial disclosures and documents were produced by

the Defendant." Doc. 22 at 1-2. For example, Plaintiff initially alleged that he was hired by Defendant as a "Crane Operator," doc. 1 at 5, and wishes to clarify that he was actually hired as an "Equipment Operator," doc. 22-2 at 5 (Proposed Amended Complaint). He also initially alleged that on April 21, 2020, he was instructed to go see "Dr. Titus." Doc. 1 at 6. Now he alleges that the doctor's name was "Timms," not "Titus," and does not say when Defendant instructed him to report to Dr. Timms. Doc. 22-2 at 6. Where the original Complaint alleges that Plaintiff told Defendant to contact the Veterans Administration ("VA") for his medical records, doc. 1 at 7, the Amended Complaint clarifies that Plaintiff told Defendant "by email . . . twice" to contact the VA for his medical records, doc. 22-2 at 7. The proposed Amended Complaint also adds new allegations. Plaintiff now claims that the medical exam with Dr. Timms was "in contravention of applicable law," doc. 22-2 at 6, 8-9, and that he should not have been subjected to "a pre-employment physical exam" or "required to fill out a medical questionnaire on April 18, 2018," *id.* at 9.

The deadline to amend pleadings was February 6, 2024. Doc. 18 at 2. When a motion for leave to amend is filed after the deadline to amend pleadings as set forth in the scheduling order, the moving party "must

first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998). Good cause for an extension of a scheduling order's deadlines "exists if the schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Green Island Holdings, LLC v. British Am. Isle of Venice (BVI) Ltd.*, 521 F. App'x 798, 800 (11th Cir. 2013) (quoting Fed. R. Civ. P. 16 1983 advisory committee notes). In determining a party's diligence, courts may consider whether the information providing the basis for the proposed amendment was available before the deadline to amend. *See e.g., Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1318-19 (11th Cir. 2008); *Green Island Holdings*, LLC, 521 F. App'x at 800; *Snadon v. Sew-Eurodrive, Inc.*, 859 F. App'x 896, 897 (11th Cir. 2021).

Plaintiff argues that he has been diligent in seeking leave to amend because he moved to amend "within about five weeks" after Defendant raised concerns regarding the accuracy of the Complaint and "less than two weeks" after Defendant produced documents related to Plaintiff's

3

medical and employment history. *See* doc. 31 at 3-4.[1] But Plaintiff offers no explanation as to why *his own history* was unavailable to him before Defendant produced those records. *See* docs. 22 & 31. Plaintiff claims that *his* job title, *his* hiring date, the name of the doctor *he* saw at Defendant's request, and the fact that *he* emailed Defendant about reaching out to the VA for his medical records was all "information . . . *first learned* after receiving Defendant[']s document production." Doc. 31 at 2 (emphasis). Plaintiff does not explain why he could not have asserted these clarified allegations prior to the deadline, even though he had firsthand knowledge of all these facts and all other facts which provide the basis for his proposed amendments. He was actively involved in those occurrences. There is not a single proposed change in the Amended Complaint based on an event to which Plaintiff was not himself a party. *See* doc. 22-3 (Redlined Amended Complaint). He cannot reasonably claim that he learned of *his own experiences* for *the first time* through Defendant's document production. Even if he was unsure about the exact

---

[1] Plaintiff did not acknowledge in his Motion for Leave of Court to File Amended Complaint that he needed to establish good cause under Rule 16(b) before the Court could consider whether he could amend the Complaint under Rule 15. *See* doc. 22 at 2; *see also Sosa,* 133 F.3d at 1419. Defendant pointed out this error in its response, *see* doc. 27 at 6-7, and Plaintiff attempted to establish good cause in his reply brief, *see generally* doc. 31.

information, he does not explain why his own employment and medical records that could confirm the information were not available to him prior to Defendant's production during litigation.

Plaintiff's "proposed amendment [is] based on facts that were, or should have been, within his own knowledge" at the time he filed the Complaint.  *Pugh v. Kobelco Constr. Machinery Am., LLC*, 413 F. App'x 134, 136 (11th Cir. 2011).  "A plaintiff's request to amend his complaint based on facts already known to him before he filed suit indicates a lack of diligence in prosecuting the suit," and "[a] lack of diligence in pursuing a claim is sufficient to show a lack of good cause" under Rule 16(b).  *Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015). Because Plaintiff seeks to amend his Complaint based on his own medical and employment history, which he could have ascertained before he filed the Complaint, Plaintiff has not been diligent in pursuing his own claim. *See id*.  He has therefore not established good cause to amend the Scheduling Order under Rule 16(b) of the Federal Rules of Civil Procedure.  *See id*; *see also Sosa*, 133 F.3d at 1419; Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause . . ."). Plaintiff's out-of-

time Motion for Leave of Court to File Amended Complaint should be **DENIED**. Doc. 22.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA