IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHANCELLOR HUDSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-316 |
| v. | |
| GEORGIA PORTS AUTHORITY, | |
| Defendant. | |

**O R D E R**

Before the Court is the Magistrate Judge's May 13, 2024 Report and Recommendation ("R&R"), (doc. 34), to which Plaintiff Chancellor Hudson has filed objections, (doc. 35). The Magistrate Judge recommended the Court deny Hudson's Motion for Leave of Court to File Amended Complaint, (doc. 22). (Doc. 34, p. 6.) For the following reasons, Hudson's objections are **OVERRULED**. (Doc. 35.) The Court **ADOPTS** the R&R. (Doc. 34.) Hudson's Motion for Leave of Court to File Amended Complaint is **DENIED**. (Doc. 22.)

The Magistrate Judge recommended denying Hudson leave to amend on the grounds that his proposed amendments were based on facts that were, or should have been, within his own knowledge at the time he filed the Complaint and therefore he had not been diligent in pursuing his claim. (See doc. 34, p 5.) When a motion for leave to amend is filed after the deadline to amend pleadings as set forth in the scheduling order, the moving party "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Good cause for an extension of a scheduling order's deadline "exists if the schedule 'cannot reasonably be met

despite the diligence of the party seeking the extension.'" Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd., 521 F. App'x 798, 800 (11th Cir. 2013) (quoting Fed. R. Civ. P. 16 1983 advisory committee notes). "A plaintiff's request to amend his complaint based on facts already known to him before he filed suit indicates a lack of diligence in prosecuting the suit." Quinn v. Deutsche Bank Nat. Trust Co., 625 F. App'x 937, 940 (11th Cir. 2015). A lack of diligence in prosecuting the suit is sufficient to show a lack of good cause under Rule 16(b), and the Eleventh Circuit has routinely upheld decisions to deny leave to amend when the plaintiff's proposed amendments were based on information that was or should have been available to him at the time he filed the lawsuit. See id.; see also Sosa, 133 F.3d at 1419; Pugh v. Kobelco Constr. Mach. Am., 413 F. App'x 134, 136 (11th Cir. 2011). Applying this standard, the Magistrate Judge determined Plaintiff had not been diligent in pursuing his claim, and therefore had not shown good cause to allow an out-of-time amendment under Rule 16(b) of the Federal Rules of Civil Procedure. (Doc. 34, pp. 5-6.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must conduct a de novo review of the portions of the R&R to which Hudson objects. The undersigned has a duty to "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotations and citation omitted). However, the Court need not consider frivolous, conclusive, or general objections. See United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

Only one of Hudson's objections must be considered outright. Hudson objects to the Magistrate Judge citing Pugh, Quinn, and Sosa for the principle that requesting leave to amend based on facts that were available at the time the lawsuit was filed indicates a lack of diligence. (See doc. 35, pp. 5-6; see also doc. 34, p. 5.) Hudson objects not because the Magistrate Judge

2

misconstrued those cases' holdings (he did not), but because the parties in Pugh, Quinn, and Sosa had waited much longer to request leave to amend than Hudson did and were making "substantive" changes, which Hudson asserts he is not.  (Doc. 35, pp. 5-6.)   He argues that these cases therefore do not apply to his circumstances.  (Id. at 6.)   The Eleventh Circuit's consistent holding that seeking to amend a complaint based on facts already known to the plaintiff before he filed the suit indicates a lack of diligence is not conditioned on how long the plaintiff waited to seek leave to amend.   How long the plaintiff waited before trying to amend and whether the information that supports the amendment was available at the time the complaint was filed are two distinct inquiries. See Sosa, 133 F.3d at 1419 (considering the plaintiff's delay in seeking leave to amend and whether the information supporting the proposed amendment was available before the plaintiff filed the suit separately).   Pugh, Quinn, and Sosa stand for the principle for which the Magistrate Judge cited them and he correctly applied that principle to this case.   This objection is **OVERRULED**. (Doc. 35, p. 5-6.)

As to the other objections, at least one is frivolous.   Hudson objects to the Magistrate Judge's finding that the deadline to amend pleadings was February 6, 2024.  (See doc. 35, p. 6 n.1.)   While the docket entry for the Scheduling Order lists the deadline to amend pleadings as February 26, 2024, the Order itself clearly sets the deadline to amend pleadings on February 6, 2024.[1]   (See doc. 18, p. 2.)    Hudson argues that under Local Civil Rule 16.3, which provides that the deadline to amend pleadings will be 60 days after an answer is filed, the deadline to amend pleadings *must* have been February 26, 2024, because February 26, 2024, is 60 days after December 8, 2023.  (Doc. 35, p. 6 n.1; see also doc.8 (Answer filed December 8, 2023); doc. 17,

---

[1]  To the extent any further discrepancies between this Court's Orders and the docket entries arise, the parties are free to seek clarification from the Court.   As a general rule, the Court's Order, not the contents of the associated docket entry, controls.

p. 15 (indicating no anticipated need to amend and not requesting an extended deadline to amend beyond the 60 days afforded by the Local Rules).)  The Magistrate Judge was wrong, he argues, not only in finding in his R&R that the deadline to amend pleadings was February 6, 2024, but also in putting that deadline the Court's Scheduling Order.  (Doc. 35, p. 6 n.1.)  This is obviously incorrect.  There are 80 days between December 8, 2023, and February 26, 2024.  Sixty days after December 8, 2023, is February 6, 2024–just as the Magistrate Judge said in both the Scheduling Order, (doc. 18, p. 2), and his R&R, (doc. 34, p. 2).  Objecting to the Magistrate Judge's finding on the basis of such glaringly incorrect math is frivolous.  Nevertheless, in calculating the appropriate deadline to amend pleadings, the Court has necessarily considered the merits of this objection.  It is **OVERRULED**.  (Doc. 35, p. 6 n.1.)

The Court could disregard the remainder of Hudson's objections as conclusory in that they are not supported by legal authority.  Despite the fact that the Local Civil Rules clearly provide that "[e]very motion filed in civil proceedings shall cite to supporting legal authorities," see S.D. Ga. L. Civ. R. 7.1(b), Hudson's objections are completely devoid of legal authority, (see generally doc. 35).[2]  Without any legal support for his arguments, his objections are conclusory.  As presented, he essentially asks the Court to overrule the Magistrate Judge's findings and conclusions because he thinks the Court should overrule the Magistrate Judge's findings and conclusions.

Even though the Court need not consider Hudson's conclusory, unsupported objections, see Schultz, 565 F.3d at 1361, the Court has nevertheless examined the remaining objections to the R&R.  The Magistrate Judge found that "[t]here is not a single proposed change in the

---

[2]  Beyond citing to the cases the Magistrate Judge relied on for the proposition that requesting leave to amend a complaint based on facts available at the time the lawsuit was filed indicates a lack of diligence, Hudson's brief has no citations to any case law or other supporting authority at all.  (See generally doc. 35.)

4

Amended Complaint based on an event to which Plaintiff was not himself a party" and that Hudson's proposed amendments "'[were] based on facts that were, or should have been, within his own knowledge' at the time he filed the Complaint." (Doc. 34, pp. 4-5 (quoting Pugh, 413 F. App'x at 136).) He found that Hudson had therefore not been diligent in pursuing his claim and had not established good cause for leave to amend the Scheduling Order under Rule 16. (Id., p. 5 (citing Quinn, 625 F. App'x at 940).) After conducting a complete de novo review of the record, the Court finds that Hudson has not raised any objections which would cause the Court to disturb or disagree with the Magistrate Judge's finding or ultimate conclusion.

Hudson openly admits that he had the information necessary to write Paragraphs 32, 33, 38, and 39 as proposed in the Amended Complaint when he drafted the original Complaint. (Doc. 35, p. 3.)[3] He concedes that the Magistrate Judge's finding was correct on this point. Hudson nevertheless objects to the recommended denial of his request for leave to amend these paragraphs because the Magistrate Judge did not consider that he: (1) only seeks to make minor changes for added clarity and (2) wants to rework these paragraphs because the way they are currently written has confused opposing counsel to the point that they believe Hudson presented inaccurate information in his Complaint. (See doc. 35, pp. 3, 7.)

Hudson has not pointed to any authority to suggest that he was diligent in seeking to amend his pleadings solely because the changes he wants to make are, in his words, minor and not substantive. As to his argument that he should be allowed to amend because GPA privately raised concerns about the Complaint's accuracy after the deadline to amend pleadings passed and the proposed clarifications are for GPA's benefit, Hudson cannot recast GPA's concerns about the

---

[3] Hudson suggests that he only seeks to change Paragraphs 38 and 39 to be consistent with Paragraphs 32 and 33. (See doc. 35, pp. 1, 3, 7). However, a review of his proposed amendments shows that he intends to make significant revisions to all four paragraphs. (See doc. 22-3, pp. 7-8 (Redlined Proposed Amended Complaint).)

5

accuracy of his Complaint as support for amendment when GPA opposes giving him leave to amend. (See doc. 27.) Hudson has explained that he believes reading Paragraphs 38 and 39 in conjunction with Paragraphs 32 and 33 makes it clear that the assertion that he "never" had a PTSD diagnosis meant that he had "never" been diagnosed with PTSD as of "the time of hiring and termination." (See doc. 31, p. 3; doc. 35, pp. 3, 7.) GPA can accept that reading of the Complaint, or not. Hudson's realization that counsel could have been more careful in drafting the Complaint does not constitute good cause to amend the operative Scheduling Order under Rule 16(b). Cf. Quinn, 625 F. App'x at 940 (rejecting the argument that a plaintiff has good cause to amend the complaint after the deadline to amend pleadings passed because "his attorney did not properly plead the case"). Neither of these arguments are sufficient for the Court to reject the Magistrate Judge's recommended disposition, especially considering Hudson's admission that the Magistrate Judge was correct in finding that he had the information he now wishes to include in Paragraphs 32, 33, 38, and 39 at the time he submitted the original Complaint. (See doc. 35, p. 3.) This objection is **OVERRULED**. (Id.)

Hudson also objects to the Magistrate Judge's finding that the other proposed changes were based on facts which he knew or should have known at the time he filed the Complaint because while Hudson *himself* may have known the information in his employment and medical records, Hudson's *counsel* did not have that information. (See doc. 35, pp. 4, 7.) Rule 11(b) requires attorneys to conduct "an inquiry reasonable under the circumstances" to determine whether their factual contentions have evidentiary support before presenting a pleading, written motion, or other paper to the Court. See Fed. R. Civ. P. 11(b). By conceding that "this information may have been known to Plaintiff" but that "Plaintiff's counsel did not know this minute factual information," Plaintiff merely suggest that his counsel did not conduct the inquiry required by Rule

6

11(b)(3) before filing the Complaint.  (See doc. 35, p. 7.)  This failure to investigate cannot constitute good cause under Rule 16(b).   All the proposed amendments relate directly to Hudson's own experiences; he offers no explanation as to why a reasonable investigation of his claim, including a review of his own employment and medical records, would not have revealed the information he now seeks to correct or include in his Complaint.  He offers no explanation as to why his own employment and medical records were not in his possession or otherwise readily available to him.

The Magistrate Judge was correct in finding that all the amendments Hudson seeks to make–including new allegations related to a "post FMLA exam"[4]–were based on information which was or should have available to Hudson at the time he filed the Complaint.  (See doc. 34, pp. 4-5; see also doc. 22-3 (Redlined Amended Complaint).)  Accordingly, the Magistrate Judge was also correct in concluding that Hudson was not diligent in pursuing his claim and therefore had not established good cause to amend the Scheduling Order.  See Quinn, 625 F. App'x at 940; Sosa, 133 F.3d at 1419.

---

[4] To the extent Hudson argues he could not have made the exam-related allegations "in good faith in the initial Complaint without receipt of the exact documentation from the defense," (doc. 35 at 5), Rule 11(b) again invalidates his argument.  Putting aside that this information should have been available to Hudson because *he* went to the return-to-work exam and they are *his* medical records, under Rule 11(b), a party may specifically identify facts which they believe "will likely have evidentiary support after a reasonable opportunity for further investigation and discovery."  Fed. R. Civ. P. 11(b)(3).  Hudson could have made the allegations related to his return-to-work exam in the original Complaint with the appropriate caveat.

After conducting a complete de novo review of the record, the Court **ADOPTS** the Magistrate Judge's R&R for the foregoing reasons. (Doc. 34.) Hudson's objections are **OVERRULED**, (doc. 35), and his Motion for Leave of Court to File Amended Complaint is **DENIED**, (doc. 22).

**SO ORDERED**, this 13th day of June, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA